```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

WAYNE THOMAS
       Petitioner,

       v.                  Civil Action No. 05-1302

DAVID DIGUGLIELMO, et al.,    Judge Gary L. Lancaster
       Respondent.          Magistrate Judge Amy Reynolds Hay


**REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit for consideration as an application to file a successive petition as required under 28 U.S.C. § 2244(b)(3).

## II.    REPORT

Petitioner, Wayne Thomas, is a state prisoner incarcerated at the State Correctional Facility at Graterford, Pennsylvania. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, wherein he claims that "[t]he convictions and sentences under which [he] is imprisoned [are] unlawful and void because of multiple violations of" his constitutional rights.  (Doc. 3 at 2).

    A.    Relevant Factual and Procedural Background

On January 11, 1989, Petitioner pleaded nolo contendere to two counts each of robbery, possession of explosive or incendiary materials and risking catastrophe, and one count each of

aggravated assault, attempted escape and possession of weapons or implements of escape.  The Honorable Robert A. Kelly of the Court of Common Pleas of Allegheny County sentenced him to a cumulative term of 33 ½ to 67 years of imprisonment.

Petitioner filed a motion to withdraw his plea and a motion to reconsider his sentence.  Judge Kelly denied each motion and the Superior Court of Pennsylvania affirmed.  The Supreme Court of Pennsylvania denied a petition for allowance of appeal on October 31, 1990.  He then unsuccessfully sought relief from his judgment of sentence in state court by filing two separate petitions for relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA").

On or around March 15, 1996, Petitioner filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was docketed at case number 96-492 and assigned to Judge Gary L. Lancaster and referred to Magistrate Judge Kenneth J. Benson for a report and recommendation. Magistrate Judge Benson recommended that Petitioner's claims be dismissed as procedurally defaulted and that a certificate of appealability be denied.  (Docket No. 96-492 at docs. 10 & 14). On September 30, 1996, Judge Lancaster adopted the report and recommendation as the opinion of the court.  (Docket No. 96-492 at doc. 17).  The United States Court of Appeals for the Third Circuit denied Petitioner's subsequent request for a certificate of appealability.  (Docket No. 96-492 at doc. 19).

Over the course of the next few years, Petitioner filed two additional PCRA petitions.  Judge Kelly dismissed each petition, and the Superior Court affirmed.  His petition for allowance of appeal challenging the denial of his most recent PCRA petition is currently pending before the Supreme Court of Pennsylvania at docket no. 595 WAL 2005.[1]

On September 15, 2005, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (Doc. 3).  He claims therein that: (1) his Sixth and Fourteenth Amendment rights were violated because the trial court allegedly did not produce a final order on his motion to withdraw his plea; and (2) he was denied "constitutionally mandated psychiatric assistance" during pretrial proceedings and at his plea hearing.  (Doc. 3 at 2-3). In support of the latter claim, he directs the court to materials that he contends are "recently discovered" and allegedly support his contention that he was incompetent to stand trial and was insane at the time of the offense.  (Doc. 3 at 3).

**B. Second or Successive Petitions**

Because the instant petition is Petitioner's second federal habeas corpus petition, it is subject to the certification requirements set forth at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

[1]   On March 3, 2006, Petitioner filed a Motion to Stay these proceedings pending the Supreme Court of Pennsylvania's disposition of his appeal.  (Docs. 13 & 14).  Petitioner's motion will be dismissed because, as explained infra, this court does not have subject matter jurisdiction of this proceeding.

28 U.S.C. § 2244(b)(1) (effective April 24, 1996). Section 2244 establishes the procedural and substantive requirements which govern "second or successive" habeas petitions. "[A]nyone seeking to file a second or successive petition under 28 U.S.C. § 2254 after April 24, 1996, must move in the appropriate Court of Appeals for an order authorizing the District Court to consider the application,"[2] even if, as is the case here, the first petition was filed before the enactment of AEDPA. In re Minarik, 166 F.3d 591, 600, 609 (3d Cir. 1999). The allocation of gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A) of AEDPA has divested the district courts of subject matter jurisdiction over habeas petitions that are second or successive filings. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002).

A review of the computerized dockets of the Court of Appeals for the Third Circuit shows that Petitioner has not sought nor received from the appeals court permission to file a second or successive petition in this matter.[3] Accordingly, this action should be transferred to the Court of Appeals to consider as an

---

[2] Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements. 28 U.S.C. § 2244(b)(3)(D).

[3] It is noted that on August 26, 2005, Petitioner did file a request to file a second or successive habeas petition with the Court of Appeals. That request, which was docketed in the Court of Appeals at 05-3942, appears to challenge a judgment from the Eastern District Court of Pennsylvania. On October 21, 2005, a three-judge panel of the Court of Appeals denied Petitioner's request.

application to file a successive petition.

### III. **CONCLUSION**

For the reasons discussed above, it is recommended that the petition for writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit as an application to file a successive petition pursuant to 28 U.S.C.§ 2244(b)(3).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                /s/ Amy Reynolds Hay
                                                AMY REYNOLDS HAY
                                                United States Magistrate Judge

Dated: 4 April, 2006


cc:   The Honorable Gary L. Lancaster
      United States District Judge

      Wayne Thomas
      CJ-5703
      SCI Graterford
      P.O. Box 244
      Graterford, PA 19426

      Ronald M. Wabby, Jr., Esquire
      Office of the District Attorney

```
Appeals/Post Conviction
401 Allegheny County Courthouse
Pittsburgh, PA 15219
```